IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH RICHTER, | ) | 8:12CV82 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is granted.

## I.  BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff Ruth Richter filed her claim in Douglas County, Nebraska Small Claims Court on February 1, 2012. (Filing No. 1-1 at CM/ECF p. 1.) On February 23, 2012, Defendant filed a proper and timely Notice of Removal of Plaintiff's claims. (Filing No. 1 at CM/ECF pp. 1-3.)

Plaintiff's allegations relate entirely to Defendant's failure to timely return a signature card for an Express Mail International letter that Plaintiff sent. (Filing No. 1-1, at CM/ECF p. 1.) Plaintiff alleges that she did not receive the signature card back from Defendant in time for a scheduled court hearing in a separate, unrelated small-claims matter against a British company. (*Id.*) As a result of her failure to timely receive the signature card, the state court dismissed that separate small-claims matter, and Plaintiff had to re-file it. (*Id.*) Plaintiff requests monetary damages only, in the amount of $55.95. (*Id.*)

Defendant filed its Motion to Dismiss (filing no. 8) on March 30, 2012, along with a Brief in support (filing no. 10) and an Index of Evidence (filing no. 9). In Response, Plaintiff filed a Response (filing no. 15), Additional Reply (filing no. 18), Response to Reply Brief (filing no. 19), and Supplement (filing no. 20). Defendant also filed a Reply Brief. (Filing No. 16.) This matter is therefore deemed fully submitted.

## II.   MOTION FOR RECUSAL

As an initial matter, the court addresses Plaintiff's Motion to Reassign Judge, which is liberally construed as a Motion for Recusal. (Filing No. 13.) In her Motion, Plaintiff requests that the undersigned judge recuse himself from this matter because the undersigned "has a brother who is also a Judge," and the undersigned's brother "ruled against [Plaintiff] in another case." (*Id.*)

The court has carefully reviewed Plaintiff's Motion. In accordance with 28 U.S.C. 455(a), the court finds that there is nothing indicating that the court's "impartiality might reasonably be questioned" or that there is any other basis for recusal or reassignment in this matter. Furthermore, Plaintiff has not filed an affidavit sufficient to trigger the provisions of 28 U.SC. § 144. As such, the Motion to Reassign Judge, construed as a Motion for Recusal, is denied.

## III.   ANALYSIS

Defendant seeks dismissal of the claims against it because it is entitled to sovereign immunity and because Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (Filing No. 8.) The court agrees with Defendant on both arguments.

### A.   *Sovereign Immunity*

2

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g.,* *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, *citing United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This section shows that the U.S. Postal Service "specifically retained sovereign immunity as to lost postal matter" and "is designed expressly to bar actions for losses occasioned by the handling of goods within the postal system." *Allied Coin Invest., Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 985-987 (D. Minn. 1987); *see also C.D. of NYC, Inc. v. United States Postal Serv.*, 157 F. App'x 428, 429 (2d Cir. 2005) (affirming district court's dismissal on sovereign immunity grounds under 28 U.S.C. § 2680(b) where Bureau of Customs employee stole parcels and noting that stolen parcels were "lost" under provisions of 28 U.S.C. § 2680(b)).

The Eighth Circuit has squarely addressed the issue of negligently-handled mail. *Najbar v. United States*, 649 F.3d 868, 868 (8th Cir. 2011). Citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006), the court reiterated that the United States has sovereign immunity for matters "arising out of the loss, miscarriage, or negligent

3

transmission of letters or postal matter." *Id.* at 870. Further, and as set forth in *Dolan*:

> [I]t was "likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." [*Dolan*, 546] at 489 ("[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address," while " 'negligent transmission' does not go beyond negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address."). . . . Claims for injuries stemming from certain consequences (*i.e.*, from "mail either fail[ing] to arrive at all or arriv[ing] late, in damaged condition, or at the wrong address," *id.* at 489, are barred, while claims for other injuries are not.

*Id.*; *see also Pruitt v. United States Postal Serv.*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) ("[T]he United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter. . . . Claims for the loss, misdelivery or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity.")

Here, Plaintiff's claims relate entirely to Defendant's negligent transmission, or non-delivery, of the signature card for the Express Mail International letter she sent in conjunction with a separate small-claims matter.[1] (Filing No. 1-1 at CM/ECF p. 1.) Plaintiff does not assert any other injury or damage aside from the loss resulting from Defendant's failure to return the signature card prior to the scheduled hearing

---

[1]There is some question regarding whether Plaintiff was even entitled to receive a signature card for the Express Mail International letter, because she may not have purchased a service that provided her with a signature card receipt of delivery. (Filing No. 10 at CM/ECF pp. 13-14.) However, at this stage of the proceedings, the court assumes that Plaintiff's allegation that she was entitled to a signature card receipt, but failed to receive one, is true.

in that separate matter, which caused her to re-file her case after it was dismissed. (*Id.*) There is no question that the signature card is "postal matter," nor does Plaintiff argue that the signature card is not "postal matter." As set forth above, the United States enjoys sovereign immunity for the negligent transmission of postal matter, including the failure to deliver the postal matter at all. Further, there is nothing before the court showing that the United States has waived this grant of sovereign immunity. Plaintiff's claims must therefore be dismissed because this court lacks subject matter jurisdiction.

### B. Exhaustion of Administrative Remedies

Further, even if Plaintiff's claims were not barred by sovereign immunity, she has failed to exhaust her administrative remedies. Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Even with the most liberal construction, Plaintiff does not allege that she complied with the administrative requirements of the FTCA prior to filing this action, nor is it apparent from the record that Plaintiff has done so. To the contrary, the evidence before the court shows that Plaintiff has not filed any administrative claim relating to the unreturned signature card. (Filing No. 9-1 at CM/ECF pp. 6-7.) Although Plaintiff argues that she made numerous

telephone calls to various individuals employed by Defendant in order to resolve her claims prior to filing suit (filing no. 15 at CM/ECF pp. 2-4), such actions do not constitute exhaustion under the FTCA. *See, e.g., Ly v. U.S. Postal Serv.*, 775 F. Supp. 2d 9, 11-12 (D.D.C 2011) (dismissing damages claim for lost international package where the plaintiff made several telephone calls to postal employees, but did not follow the "administrative claims process prescribed in" the Postal Service's International Mail Manual). For this separate reason, Plaintiff's claims are dismissed.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) and this action are dismissed without prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

3.  All other pending motions are denied.

DATED this 18th day of June, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.